UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY MARCUS,

                          Plaintiff,

-against-

ANTHONY J. ANNUCCI – ACTING
COMMISSIONER OF DOCCS, et al.,

                          Defendants.

**ORDER OF SERVICE**

20-CV-06234 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants denied him due process in a Tier III disciplinary proceeding. By order dated September 9, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] (Doc. 5).

## DISCUSSION

**A.    Hearing Officer Gutwein Named as Defendant**

Plaintiff brings claims against Hearing Officer Eric Gutwein in the body of the complaint, but he does not name Gutwein in the caption. In light of Plaintiff's *pro se* status and clear intention to assert claims against Gutwein, the Court directs the Clerk of Court to add this individual as a Defendant to this action. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Gutwein may wish to assert.

**B.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision (DOCCS); Donald Venettozzi, Director of Special Housing Unit, DOCCS; Jamie LaManna, former Superintendent of Green Haven;[2] L. Malave, O.S.I., Investigator of Green Haven; and Eric Gutwein, Hearing Officer of Green Haven, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue

---

[2] Plaintiff incorrectly identifies this Defendant as "L. Lamanna" in the complaint, but he makes it clear that he sues Jamie LaManna, the former Superintendent of Green Haven Correctional Facility.

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In the responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to add Eric Gutwein, Hearing Officer at Green Haven, as a Defendant under Fed. R. Civ. P. 21, and to correct the docket to reflect that Plaintiff is suing Jamie LaManna instead of L. Lamanna.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Anthony Annucci, Donald Venettozzi, Jamie LaManna, L. Malave, and Eric Gutwein, issue summonses, and deliver to the U.S. Marshals Service all documents necessary to effect service.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

      Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   New York, New York
           September 14, 2020

                                              PHILIP M. HALPERN
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Anthony Annucci
   Acting Commissioner
   NYSDOCCS
   1220 Washington Ave., Building 2
   Albany, New York 12226-2050

2. Donald Venettozzi
   Director of Special Housing Unit
   NYSDOCCS
   1220 Washington Ave., Building 2
   Albany, New York 12226-2050

3. Jamie LaManna
   Former Superintendent of Green Haven Correctional Facility
   NYSDOCCS
   1220 Washington Ave., Building 2
   Albany, New York 12226-2050

4. L. Malave
   O.S.I. Investigator
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

5. Eric Gutwein
   Hearing Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010